UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCKWELL MEDICAL TECHNOLOGIES,
INC.,

    Plaintiff,

v.

Case No. 11-12027
Hon. Gerald E. Rosen

DI-CHEM CONCENTRATE, INC.,

    Defendant.

_____/

### ORDER REGARDING MOTIONS
### TO EXTEND SCHEDULING ORDER DATES

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     May 24, 2012

PRESENT: Honorable Gerald E. Rosen
                 Chief Judge, United States District Court

On three prior occasions in this case, the Court has entered orders granting the parties' requests for extensions of one or more of the dates set forth in the June 28, 2011 scheduling order that governs this action. In one of these orders, issued on February 16, 2012, the Court explicitly cautioned the parties that no further extensions would be granted "absent a showing of exceptional and unanticipated circumstances," and the parties were further advised that the Court would not necessarily view the filing of an amended complaint, pursuant to Plaintiff's then-pending motion to amend, as an exceptional circumstance that would warrant an additional extension of scheduling order

dates. (2/16/2012 Order at 2-3.) Despite these cautionary statements, the parties have filed two more motions — one brought by Plaintiff, and the other filed jointly by both parties — in which they once again seek to extend one or more of the scheduling order dates, with the parties predictably asserting that this relief is warranted in light of the Magistrate Judge's May 7, 2012 order granting Plaintiff's motion for leave to amend its complaint, as well as Defendant's stated intention to file objections to this order.

It is an understatement to say that the Court is extremely reluctant to grant any further extensions of the scheduling order dates, as it is difficult to view such an extension as anything other than a reward for the parties' contentious behavior, both in discovery and with respect to Plaintiff's effort to amend its complaint. Nonetheless, the Magistrate Judge's May 7 order includes a recommendation that the Court consider such an extension, reasoning that it would better serve the interests of justice and judicial economy for the parties to conduct discovery in this suit directed at the additional claims in Plaintiff's amended complaint than to insist that Plaintiff pursue these claims in a separate action. (*See* 5/7/2012 Order at 20.) Based solely on this reasoning and the Magistrate Judge's recognition of the interests of judicial economy, the Court concludes that it is appropriate to once again amend the scheduling order in this suit, albeit not in precisely the fashion requested by the parties. In particular, the discovery period will be reopened for approximately 30 days, so that the parties can expeditiously pursue any additional discovery efforts necessitated by Plaintiff's filing of its first amended

2

complaint.[1]  In addition, the dispositive motion deadline and final pretrial conference will be adjourned without date, with the Court to establish a new dispositive motion deadline and a new date for the final pretrial conference once it has resolved Defendant's objections to the Magistrate Judge's May 7 order.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's May 22, 2012 motion to amend scheduling order and extend discovery (docket #85) is GRANTED. Accordingly, IT IS FURTHER ORDERED that the discovery period in this case is reopened for approximately 30 days, with a new discovery cut-off date of ***June 29, 2012. Under no circumstances*** will this discovery period be extended, and the remaining terms and provisions of the June 28, 2011 scheduling order, as amended through this and prior orders, remain in full force and effect.

Next, IT IS FURTHER ORDERED that the parties' May 9, 2012 joint motion to extend dispositive motion deadline (docket #75) is GRANTED IN PART.  Accordingly, IT IS FURTHER ORDERED that the existing May 14, 2012 dispositive motion deadline and September 17, 2012 final pretrial settlement conference are ADJOURNED WITHOUT DATE, with the Court to set a new dispositive motion deadline and reschedule the final pretrial conference upon its resolution of Defendant's objections to

---

[1] As Plaintiff points out in its present motion, Local Rule 72.2 of this District provides that a Magistrate Judge's ruling on a non-dispositive motion is to be given "full force and effect" despite any objections a party might file to this ruling.  Thus, in accordance with the Magistrate Judge's determination that Plaintiff should be granted leave to amend its complaint, Plaintiff is directed to promptly file the first amended complaint attached as an exhibit to its present motion.

the Magistrate Judge's May 7, 2012 order.  In light of this adjournment, IT IS FURTHER ORDERED that Defendant's May 14, 2012 motion for summary judgment (docket #76) is DISMISSED WITHOUT PREJUDICE, with Defendant remaining free to re-file this or a similar motion upon the Court's resolution of its objections to the Magistrate Judge's May 7 order and the establishment of a new dispositive motion deadline.

 SO ORDERED.

       s/Gerald E. Rosen
       Chief Judge, United States District Court

Dated:  May 24, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 24, 2012, by electronic and/or ordinary mail.

       s/Ruth A. Gunther
       Case Manager