**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROCKWELL MEDICAL TECHNOLOGIES,
INC.,

      Plaintiff,

                                    Case No. 11-12027

v.                                     Hon. Gerald E. Rosen

DI-CHEM CONCENTRATE, INC., *et al.,*

      Defendants.
_____/

**ORDER DENYING DEFENDANT'S**
**MOTION FOR RECONSIDERATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         June 8, 2012        

PRESENT:  Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

In an order dated May 24, 2012, the Court addressed two pending motions through which the parties sought to (once again) extend one or more of the dates set forth in the June 28, 2011 scheduling order that governs this action. As observed in this May 24 order, the Court had entered ***three*** prior orders in this case granting requests for extensions, and the May 24 order itself granted additional relief from certain of the (previously amended) dates and deadlines established under the scheduling order. Despite the Court's accommodation of the parties' repeated requests for extensions, and despite the Court's ample familiarity with the procedural backdrop to each of these several requests, Defendant Di-Chem Concentrate, Inc. now seeks reconsideration of the

May 24 order, suggesting that the Court acted "premature[ly]" and without the benefit of further information Defendant wished to provide before the Court acted on the parties' latest requests for extensions.  Needless to say, the Court is confident that its May 24 order was entered with a full appreciation of the procedural developments that preceded it, and thus it finds no basis to revisit this ruling.

Under Local Rule 7.1(h)(3) of this District, a motion for reconsideration will not be granted if it "merely present[s] the same issues ruled upon by the court" in its challenged order.  It is simply inconceivable that Defendant could shed new light on the matters addressed in the Court's May 24, 2012 order, in light of (i) the routine subject matter of this order, which addressed only scheduling issues, (ii) the Court's extensive familiarity with the procedural background of this case, gained through the parties' several motions requesting extensions of scheduling order dates, and (iii) the language of the May 24 order itself, which summarized these procedural developments.  Most notably, while Defendant complains that the Court entered the May 24 order before it could file still another brief restating its objections to the Magistrate Judge's May 7, 2012 order allowing Plaintiff to file an amended complaint, the Court *expressly recognized* at *several points* in the May 24 order itself that Defendant had lodged objections to the Magistrate Judge's order.  (*See* 5/24/2012 Order at 2, 3, 4.)[1]  Similarly, while Defendant complains that the Court has granted an additional period of discovery that might prove

---

[1]Indeed, these pending objections formed the basis for the Court's decision to grant, at least in part, *Defendant's own request* to adjourn the parties' dispositive motion practice until after these objections had been resolved.

2

unnecessary if the Court finds that the Magistrate Judge erred in permitting Plaintiff to amend its complaint, the Court once again addressed ***this precise point*** in its May 24 order, explaining that the Magistrate Judge's order was entitled to "full force and effect" unless and until the Court determined that Defendant's objections should be sustained. (5/24/2012 Order at 3 n.1.)[2]  It is not clear why the Court should be especially troubled by the prospect that some of the parties' discovery efforts might ultimately prove unnecessary, given the evident indifference of the parties and their counsel to the judicial resources they are wasting through their repeated filings directed at routine scheduling issues.

In an earlier order in this case, the Court lamented the apparent failure of the parties and their counsel to actually read the Court's rulings.  (*See* 2/16/2012 Order at 1-2 n.1.)  Regrettably, this shortcoming is manifested once again in Defendant's present motion.[3]  Because each of the issues raised in this motion was addressed in the Court's

---

[2]Paradoxically, while Defendant protests the Court's decision to reopen the discovery period, it further suggests that this reopened period of discovery might need to be extended, in order to accommodate the needs of the three additional parties that have been named as Defendants in Plaintiff's first amended complaint.  In the event that these newly-added parties believe such relief is warranted, the Court is confident that they will bring an appropriate motion. The original two parties are cautioned, however, that any such relief will be strictly limited to the new parties named in Plaintiff's first amended complaint.

[3]In light of this emerging pattern of submissions that pay insufficient heed to the Court's rulings, the parties and their counsel are expressly cautioned that the Court will carefully review all future filings in this case to ensure that the parties' submissions meet the standards of Fed R. Civ. P. 11(b), and that the conduct of counsel comports with the dictates of 28 U.S.C. § 1927. Any filings or activities that fall short of these standards will be met with sanctions that escalate in their amount and severity with each successive violation, up to and including the dismissal of this action or the entry of judgment.

May 24 order, Defendant has utterly failed to identify a basis for the Court to revisit this ruling.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Di-Chem Concentrate, Inc.'s May 31, 2012 motion for reconsideration (docket #89) is DENIED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  June 8, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 8, 2012, by electronic and/or ordinary mail.

s/Ruth A. Gunther
Case Manager